IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**AMERICAN INTERSTATE**
**INSURANCE COMPANY,**

  **Plaintiff,**

vs.            **Case No. 3:05cv42/MCR/MD**

**DEFENSE STAMPINGS AND**
**ENGINEERING, INC.,**

  **Defendant.**
            /

**O R D E R**

  Before the Court is Plaintiff's "Motion to Reconsider Order of April 4, 2005." (Doc. 25).

  This action was initiated on February 14, 2005. In its initial complaint Plaintiff asked the Court to find, <u>inter</u> <u>alia</u>, that it is "entitled to [an] additional $245,597.71 [insurance] premium as a result of the classification changes to policy no. AVWCFL1187072003" which Defendant has failed to pay and that the Court "enter judgment for said sum, plus interest, attorney fees, and costs . . . ." (Doc. 1 at 6). Defendant was served on February 18, 2005, and on March 10, 2005, filed a motion for more definite statement; included in its motion was a request for attorneys' fees. (Doc. 7). On March 31, 2005, Plaintiff filed a response in opposition to Defendant's motion. (Doc. 11). Not only was the response untimely but also it failed to address Defendant's demand for attorneys' fees. The Court granted Defendant's motion on April 4, 2005, requiring Plaintiff to file a more definite statement and also to pay Defendant's reasonable attorneys' fees; additionally, the Court

Case No. 3:05cv42/MCR/MD

directed Defendant to submit a fee statement within ten days. (Doc. 14). On April 13, 2005, Defendant filed its fee statement in the form of an affidavit in which counsel averred that attorneys' fees in the amount of $1811.50 had been incurred in preparing the motion for more definite statement. (Doc. 18). Plaintiff filed an amended complaint on April 15, 2005, (doc. 22) and filed its instant motion for reconsideration of the issue of attorneys' fees on April 19, 2005 (doc. 25).

Based upon the representations in Plaintiff's motion for reconsideration (all of which representations it did not, unfortunately, present to the Court in its initial response to Defendant's motion for more definite statement), the motion shall be **GRANTED.** The Court therefore shall **VACATE** the April 4, 2005, order, and enter the instant one in its stead.

Defendant's motion for more definite statement and for attorneys' fees (doc. 7) is **GRANTED**, nunc pro tunc, to the extent Plaintiff has been required to file a more definite statement.  To the extent Defendant seeks attorneys' fees, the motion is **DENIED**.

Accordingly, it is hereby ORDERED:

1. Plaintiff's motion for reconsideration (doc. 25) is **GRANTED.**
2. The order dated April 4, 2005, (doc. 14) is **VACATED**.
3. Defendant's motion for more definite statement and for attorneys' fees (doc. 7) is **GRANTED**, nunc pro tunc, to the extent Plaintiff has been required to file a more definite statement.  To the extent Defendant seeks attorneys' fees, the motion is **DENIED**.

DONE and ORDERED this 21st day of April, 2005.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**